[No. 5500.]
[No. 3170 C. A.]

## BOOTH v. TRAGER.

1. **Water Rights—Grant of—**The owner of eighty acres of land diverted a small stream to irrigate it. He afterwards sold five acres with the right to a share of the water proportionate to this share of the land. The grantee receiving his proportion of the water may not complain, though it is entirely insufficient. The grantor is not responsible for the unlawful diversion of the waters by a stranger.—Pp. 411, 412.

2. **Landlord and Tenant—Landlord's Liability—**A landlord is not responsible for the misconduct of the tenant in diverting water from one who, by covenant of the landlord, is entitled thereto.—P. 412.

3. **Act of God—**Grantor of a water right is not responsible for the failure of water by reason of a period of drought.—P. 413.

*Appeal from Arapahoe District Court.*
*Hon. A. H. DeFrance, Judge.*

Mr. R. H. GILMORE, for appellant.

Messrs. TALBOT, DENISON & WADLEIGH, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

Levi Booth, the defendant, owned eighty acres of land near Cherry creek, a natural stream. He built the Success ditch and through it diverted water from the creek and applied it to the land. The record does not disclose the quantity of water appropriated, but that is not important here. Booth subdivided the tract into five-acre lots, one of which he sold to Henry Trager in 1888, which its owner has used for a market garden. Immediately following the description of the lot in the deed is this language: "Together with all water and ditch rights and privileges thereunto belonging, *and sufficient to irrigate said land."* Afterwards Henry Trager sold this tract to Sophia Trager and Reinhold Trager, the plaintiff, and afterwards Sophia sold her interest to Reinhold. In the last two mentioned deeds the language above italicized was omitted. In his complaint in this action Reinhold Trager alleges that during the years 1900, 1901, 1902 and a part of the year 1903, defendant Booth willfully and wrongfully diverted water which belonged to plaintiff, which occasioned a total or partial failure of plaintiff's crops to his damage. The answer denied the material allegations of the complaint, and the cause was tried before a jury which gave a verdict for plaintiff, and defendant appealed.

We have carefully examined the abstract as made by defendant, and are satisfied that the judgment cannot stand because of the insufficiency of the evidence. If it were necessary to decide the point, it is doubtful if the convenant mentioned could be construed as evidencing an intention of the parties, or

that such is a proper construction of the deed or its legal effect, that Booth thereby conveyed, or that he intended to convey, or Henry Trager to receive, the absolute title or right to the use of enough water to irrigate the five-acre tract sold, regardless of the rights of other consumers in the ditch, or the state of the water in the stream, or without respect to the rights of prior appropriators from the same source of supply. The only water right or privilege belonging to the land was in connection with the Success ditch, and Booth sold the right to the use of enough water from that ditch to irrigate the land he sold. But this is not an action to recover for breach of the covenant, but plaintiff admits that the cause of action is a tort, a wrongful interference by defendant with water the right to use which, it is said, belongs to plaintiff; hence the quoted language is not now important, though plaintiff seems to attach some weight thereto.

The evidence is practically uncontradicted that during the period of time mentioned in the complaint there was a shortage of water during all or some parts of the irrigating season. 1900 and 1901 were not so dry as the year 1902, but still there was not sufficient water in the Success ditch during either of these years to irrigate the eighty-acre tract for which the appropriation was made, or even that part of the same which plaintiff owned. There is no evidence that the right of any consumer in this ditch is superior to the right of any other consumer. The ditch was constructed and the appropriation of water made to irrigate eighty acres of land. In Booth's deed to Henry Trager the quantity of water sold was not specified in cubic inches, but enough to irrigate the five acres was transferred. In the absence of any showing to the contrary, and since the parties themselves put that meaning on the conveyance by recog-

nizing that each owner of the divided tract owned his proportionate share of the water, and distribution thereof was made accordingly, it would seem for the purposes of this action we may say that each one owns such share of the quantity of water awarded to the ditch as his individual tract bears to the entire eighty acres, and plaintiff, therefore, had one-sixteenth interest in the appropriation. The evidence is clear to the point that during these four seasons plaintiff got ·more than his proportionate share of water. Plaintiff's crops, it is true, suffered for lack of water;· so also did defendant's; and the record, as we read it, fails to show that defendant deprived plaintiff of any water at any time to which he was entitled. Several years after the Success ditch was built, third persons came upon this stream and diverted large quantities of water, some of which consumers under the Success ditch might otherwise have obtained for diversion through their ditch; but defendant was not responsible· for these subsequent acts. Aside from this, defendant Booth was not, during one year of the alleged diversion, in possession of the Success ditch or his lands which lie under it, but had leased the same. Nevertheless the court allowed· evidence to be introduced of the alleged wrongful diversion of water from plaintiff for this year.

· We do not attach any particular importance to the fact that the italicized words in the deed to Henry Trager were not present in the deed to this plaintiff. In no event could defendant Booth be held, at least in this action, for damages to plaintiff on account of a shortage of water in the natural stream or, because of that shortage, for an insufficient supply to irrigate the tract of land which he conveyed, or for wrongful acts of others. Indeed, as we read the record, plaintiff did not receive water during all these years in

quantity sufficient to irrigate his lands, not by reason of wrongful act or conduct of defendant, but because there was not a sufficient supply of water in the stream from which the Success ditch was entitled to supply the demands of its consumers.

The judgment is reversed        *Reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.